**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

GRACE ELLEN BOTWRIGHT,

        CASE NO. 08-CV-12998

    Plaintiff,

        DISTRICT JUDGE THOMAS L. LUDINGTON

*v.*        MAGISTRATE JUDGE CHARLES E. BINDER

UNITED STATES POSTAL SERVICE,
John E. Potter, Postmaster General,

    Defendant.
                          /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS**
(Dkt. 10)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED**.

**II.    REPORT**

This *pro se* employment discrimination case was referred to the undersigned magistrate

judge for pretrial case management on July 15, 2008. (Dkt. 3.) Plaintiff was granted *in forma*

*pauperis* ("IFP") status on July 29, 2008. (Dkt. 5.) When a plaintiff is proceeding IFP, it is the

Court's responsibility to direct a United States Marshal or other officer to "issue and serve all

process." 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c). The undersigned directed the Marshal to

serve process on August 28, 2008. (Dkt. 8.)

The case is before the Court on Defendant's motion to dismiss for insufficiency of

service of process. (Dkt. 10.) Defendant alleges that Plaintiff failed to properly serve the

Attorney General as required under Rule 4(i) of the Federal Rules of Civil Procedure. Plaintiff

responded in opposition, asking how she could be expected to serve a summons to which she did not have access. (Dkt. 14.)

Plaintiff is correct that the case is not subject to dismissal for failure to serve process when the responsibility for service is the Court's, not Plaintiff's. A review of the case shows that the original summons issued for the Attorney General was altered by an unknown source and therefore the first attempt at service was not perfected. This situation was remedied on November 18, 2008, when chambers staff prepared a new set of documents and forwarded them to the U.S. Marshal for processing. (See docket text entry dated Nov. 18, 2008.) This second attempt at service was successful. The certificates of service were returned executed on December 2, 2008. (Dkt. 15, 16.)

Accordingly, it is recommended that the motion to dismiss be denied.


III. **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.


s/ Charles E Binder

CHARLES E. BINDER

Dated: December 4, 2008                                    United States Magistrate Judge

## CERTIFICATION

        I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Barbara Tanase, served on Grace Botwright by first class mail at 1653 Bel Air St., Saginaw, MI 48604-1629, and served on District Judge Ludington in the traditional manner.


Date:  December 4, 2008                    By        s/Jean L. Broucek
                                          Case Manager to Magistrate Judge Binder