# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

GRACE ELLEN BOTWRIGHT,

    *Plaintiff*,

v.

UNITED STATES POSTAL SERVICE,
*John E. Potter, Postmaster General*;
AMERICAN POSTAL WORKERS UNION,

    *Defendants*.
    _____/

CASE NO: 08-12998

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

### ORDER ON PLAINTIFF'S MOTION TO COMPEL, PLAINTIFF'S MOTION FOR EXTENSION OF TIME, AND PLAINTIFF'S MOTION FOR CLARIFICATION
(Docs. 45, 46, 49)
### AND SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    Introduction

Before the Court are three motions filed by Plaintiff Grace Ellen Botwright. Plaintiff's motion to compel was filed on February 12, 2010. Defendants' response was filed on March 5, 2010, and Plaintiff's reply was filed on April 12, 2010.

Also pending are Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment and Plaintiff's motion for clarification of discovery procedures. Defendants did not file responses to these motions.

## II. Discussion & Order

This *pro se* employment discrimination case was filed in July 2008 and the original schedule set by the Court provided that the period for discovery would close on August 21, 2009. (Sch. Ord., Doc. 26.) That deadline was extended twice at Plaintiff's request. (Docs. 38, 40.) Defendants have not ever requested an extension of the discovery deadline. In the order granting the second extension, the deadline for discovery was extended to February 1, 2010, and Plaintiff was notified that there would be no further extensions.

On February 1, 2010, the day discovery closed, Plaintiff hand-delivered several new discovery requests to the U.S. Attorney's office and hand-delivered to the Clerk's Office a request for another extension of the discovery deadline. (Doc. 41.) In that document, Plaintiff explained that she was seeking another extension because she had been suffering from the effects of a serious sinus infection since April 2009. While the Court empathized with her condition, the request was denied and it was explained to Plaintiff that when an individual initiates litigation, they have a responsibility to proceed in a timely manner and take responsibility for meeting deadlines. (Order, Doc. 42.)

With regard to the discovery requests that were delivered to the U.S. Attorney's office on the day that discovery closed, Plaintiff seeks an order compelling answers to those requests. (Doc. 45.) Defendants respond that since the requests were not received until the day discovery closed, no answers were required, as the requests were untimely. (Doc. 50.) Plaintiff replies by placing the blame with this judicial officer; she states that the Court specifically told her that she "had until February 1, 2010, to turn in her requests to admit." (Doc. 51 at 1.) Plaintiff's "Motion for Clarification of Discovery" (Doc. 49) likewise seeks responses to the requests to admit that were served on the U.S. Attorney's office on the final day of the discovery period.

Considering the multiple extensions of the discovery deadline already given to Plaintiff, the clear notice Plaintiff received that no further extensions would be granted, and the fact that Defendants have already filed their motion for summary judgment referencing over 200 pages of exhibits, the Court is not persuaded that another extension should be given on the grounds that Plaintiff misunderstood how the discovery cut-off operates. Although Plaintiff is proceeding *pro se*, that does not excuse her from her duty to follow basic procedural requirements, such as complying with deadlines, especially when those deadlines have been extended several times. *See McNeil v. U.S.*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Eglinton v. Loyer*, 340 F.3d 331, 335 (6th Cir. 2003); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Compel (Doc. 45) and Plaintiff's Motion for Clarification of Discovery (Doc. 49) are **DENIED**.

Plaintiff states in the remaining pending motion that she "finally located the rest of her medical records," that she was unable to prepare her response to Defendants' motion until the outstanding discovery issues were resolved, and that she seeks three weeks to prepare a response. The Court finds this request to be reasonable. Therefore, **IT IS ORDERED** that Plaintiff's motion (Doc. 46) is **GRANTED**. Plaintiff's response to Defendants' motion for summary judgment is due on **JUNE 4, 2010**, and Defendants' reply, if they choose to file one, is due on **JUNE 18, 2010**.

## III. Review

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                                 s/ Charles E Binder
                                                 CHARLES E. BINDER
Dated: May 11, 2010                            United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Order was electronically filed this date, electronically served on Barbara C. Tanase, and served by first class mail on Grace Ellen Botwright at 1653 Bel Air St., Saginaw, MI, 48604-1629.

Date: May 11, 2010             By    s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder