UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GRACE ELLEN BOTWRIGHT,

    *Plaintiff*,                               CASE NO. 08-CV-12998

v.                                         DISTRICT JUDGE THOMAS LUDINGTON
                                            MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES POSTAL SERVICE,
John E. Potter, Postmaster General,
AMERICAN POSTAL WORKERS UNION,

    *Defendants*.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT AMERICAN POSTAL WORKERS UNION'S MOTION TO DISMISS
(Doc. 62)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED** and the case be dismissed in its entirety.

**II.    REPORT**

    **A.    Introduction**

By order of United States District Judge Thomas Ludington, this employment discrimination case was referred to the undersigned magistrate judge for general case management on July 15, 2008. (Doc. 3.) Before the Court is Defendant American Postal Workers Union's motion to dismiss, which was filed on November 5, 2010. Plaintiff was notified that the deadline for her response to the motion was December 6, 2010. (Doc. 63.) Plaintiff did not file a response. Accordingly, in accordance with the local rules, the motion is ready for report and recommendation. E.D. Mich. LR 7.1(f)(2).

**B.     Background & Procedural History**

Plaintiff's employment with the United States Postal Service ("USPS") was terminated as of July 26, 2004.  In November 2004, Plaintiff filed a formal discrimination complaint against the USPS with the Equal Employment Opportunity Commission ("EEOC"), alleging both and disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  (Doc. 43 at Ex. 18.)  Plaintiff claimed that, despite her requests, the Postal Service "failed to accommodate [her] phonophobia and scroptophobia."[1]  (*Id.*)  On December 12, 2005, an EEOC Administrative Law Judge ("ALJ") issued a decision finding no discrimination without holding a hearing.  (Doc. 43 at Ex. 19.)  Plaintiff appealed, and on April 10, 2008, the finding of no discrimination was affirmed in a five-page opinion.  (*Id*. at Ex. 21.)

Plaintiff filed this suit against the USPS on July 11, 2008.  The original 2-page form complaint asserted that Plaintiff's termination was discriminatory with respect to her disability of "bipolar disorder."[2]  (Doc. 1.)  On July 21, 2008, Plaintiff filed an amended complaint consisting of the same 2-page form complaint and 29 pages of attachments.  (Doc. 4.)  The form complaint stated that her EEOC right-to-sue documentation was attached, but it was not, so in response to the Court's show cause order, Plaintiff filed another amended complaint on August 21, 2008.  For the first time on this form complaint Plaintiff added the words "wrongful discharge"; she also attached the referenced EEOC documentation.  (Doc. 7 at 2.)

---

[1] Plaintiff explained in her deposition that phonophobia is a fear of talking to people on the phone and scroptophobia is a fear of having people stare at you.  (Pl.'s Dep., Doc. 44, Ex. 11 at 25.)

[2] In this Court, Plaintiff did not reassert her claim of age discrimination that she had raised in her EEO complaint.

On July 1, 2009, as discovery was progressing, Plaintiff sought leave to amend her complaint to add a second defendant, the American Postal Workers Union ("APWU"). Plaintiff's motion was granted and on August 21, 2009, an Amended Complaint was filed, adding the APWU as a defendant and adding the allegations of "failure to remove past discipline," "use of unremoved past discipline to terminate employment," "falsification of documents to terminate employment," "failure to complete retirement paperwork so they could falsify documents," and "not following removal procedure." (Doc. 34 at 2.)

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, so it was the Court's duty to serve process on Defendant APWU. Fed. R. Civ. P. 4(c)(3). On August 24, 2009, documents were given to the United States marshal for service on APWU, but no waiver was returned, and no appearance or answer was filed. Defendant USPS meanwhile moved for summary judgment (Doc. 43), which was granted on September 14, 2010. (Doc. 55.) Personal service of process on Defendant APWU was successful on October 1, 2010, and Defendant APWU filed its pending motion to dismiss on November 5, 2010. (Doc. 62.)

### C.     Standard of Review

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  In addition, if the allegations in the complaint suffice to establish that an affirmative defense bars the case, it should be dismissed.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).  "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"  *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted).  This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'"  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); nor may courts construct a plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Courts are not to "conjure up unpled allegations,"

*McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### D. Analysis & Conclusion

Defendant APWU first moves for dismissal on the ground that service of process was untimely under Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 62 at 5.) It is recommended that the motion not be granted on this basis, however, because it was the Court's responsibility to serve process and Plaintiff should not be penalized for the delay in service.

Defendant APWU next moves for dismissal on the ground that Plaintiff failed to exhaust her administrative remedies with regard to any Rehabilitation Act claim against the APWU. (Doc. 62 at 6.) Defendant points out that at no time during the EEO process did Plaintiff allege discrimination by the APWU, which is a prerequisite for bringing suit in this Court. *Smith v. U.S. Postal Service*, 742 F.2d 257, 262 (6th Cir. 1984) ("the 1978 amendments to the [Rehabilitation] Act mandate exhaustion [of administrative remedies] as a prerequisite to such [discrimination] claims, regardless of whether they are brought under section 501 or section 504").

I suggest that Defendant APWU is correct. Plaintiff's failure to assert a charge of discrimination with the EEO against the APWU bars any claim against Defendant APWU brought under the Rehabilitation Act. Accordingly, I suggest that Defendant APWU's motion should be granted with respect to this claim.

With regard to Plaintiff's claims of "failure to remove past discipline," "use of unremoved past discipline to terminate employment," "falsification of documents to terminate employment," "failure to complete retirement paperwork so they could falsify documents," and "not following removal procedure," these claims were first asserted on August 21, 2009, when Plaintiff added the APWU as a defendant. To the extent that these claims are brought against this defendant, Defendant APWU asserts that it would be futile for the Court to construe the claims as an allegation of breach of the duty of fair representation, because such a claim is time-barred. (Doc. 62 at 10.) I suggest that Defendant is again correct.

Pursuant to *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 155, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983), the statute of limitations for a claim brought against a union for breach of the duty of fair representation is six months. *Id*. (stating that "all breaches of a union's duty of fair representation are in fact unfair labor practices" and therefore applying the limitations period found in § 10(b) of the National Labor Relations Act to such cases). A cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005).

In this case, Plaintiff's removal from employment was effective on June 26, 2004, she filed her EEO Complaint of Discrimination on October 27, 2004 (Doc. 43 at Ex. 18), and the EEO's final decision was issued on April 10, 2008. (Attached to Doc. 7.) Plaintiff did not name the APWU as a defendant until August 21, 2009. (Doc. 34.) Clearly, the six-month statute of limitations precludes any claim against Defendant APWU for breach of the duty of fair representation. Accordingly, I suggest that Defendant's motion be granted and that the case be dismissed in its entirety.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2).  *See also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                      s/ Charles E Binder
                                                                      CHARLES E. BINDER
Dated: January 12, 2011                        United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Christopher Legghio, Daniel Smith and Barbara Tanase; served by first class mail on Grace Ellen Botwright at 1653 Bel Air St., Saginaw, MI, 48604-1629; and served on District Judge Ludington in the traditional manner.

Date: January 12, 2011               By      s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder